UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BRANDON MCFADDEN,

                Plaintiff,

      - against -

THE CITY OF NYC; CENTRAL BOOKING
CORRECTION OFFICERS; MS. SERGEANT
JANE DOE; OFFICER JOHN DOE (1); OFFICER
JOHN DOE (2); OFFICER JOHN DOE (3),[1]

                Defendants.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
12-CV-5624 (RRM)(VVP)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ DEC 11 2012 ★
BROOKLYN OFFICE

**ROSLYNN R. MAUSKOPF, United States District Judge.**

    Plaintiff, currently incarcerated at Rikers Island, brings this *pro se* action, pursuant to 42 U.S.C. § 1983, alleging that he was assaulted on August 8, 2012 at Central Booking in Queens, New York. He seeks damages. Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915 and his claims against "Central Booking" and New York City are dismissed. Plaintiff is afforded thirty days to file an amended complaint as set forth below.

## BACKGROUND

Plaintiff's "Statement of Claim" states in its entirety:

At around 11:40PM on August 8, 2012 at Centralbookings Queens, I was being process for my charge when a officer accused me of lighting a cigarette in the bull pen. I was taken out of pen and search inwhich I had nothing on me I was then took to the front pen hand cuff behind my back, I ask to use the bathroom but was refused. I was taken to a Hospital without my conset [sic] and shot up with Haldo[l] medication that still to this day give me a bad reaction.

---

[1] While the caption of the complaint contains only "The City of NYC, Central Booking Correction Officers, Sgt.," plaintiff provides a more complete list of defendants in paragraph III of his complaint. Those defendants have been added to the caption by the Court.



(Complaint (Doc. No. 1) ¶ IV). Plaintiff states that he wants to be compensated for his pain and suffering and wants the officer who assaulted him "prosecuted to the fullest." (*Id.* ¶ V.)

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, a district court "shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A. Upon review, a district court shall dismiss a prisoner's complaint *sua sponte* if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief." *Id.*; *Liner v. Goord*, 196 F.3d 132, 134 & n.1 (2d Cir. 1999) (noting that under PLRA, *sua sponte* dismissal of frivolous prisoner complaints is not only permitted but mandatory).

Further, under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." A complaint fails to state a claim on which relief can be granted if, taking all allegations contained in the complaint to be true, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004).

However, a court must construe a *pro se* litigant's pleadings liberally, *see Chavis v. Chappius*, 618 F.3d 162, 171 (2d Cir. 2010), especially when those pleadings allege civil rights violations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting a *pro se* plaintiff leave to amend "at least once when a liberal reading of the complaint

2

gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (*per curiam*).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," *Triestman v. Federal Bureau of Prisons*, 470 F.3d 471, 474-76 (2d Cir. 2006) (internal quotation marks omitted), a complaint must plead enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

## DISCUSSION

Plaintiff files this action pursuant to 42 U.S.C. § 1983. In order to maintain a claim under 42 U.S.C. §1983, plaintiff must allege that (1) "the conduct complained of must have been committed by a person acting under color of state law," and (2) "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States. *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994).

## A. Dismissal of Improper Defendants

### 1. 42 U.S.C. § 1983 Claim Against Central Booking Dismissed

With respect to plaintiff's claim against "Central Booking" of Queens County, (Complaint (Doc. No. 1) ¶ III), it must be dismissed because as part of the New York City Police Department, *see Williams v. Ward*, 845 F.2d 374, 378 n.2 (2d Cir. 1988) (outlining arrest and arraignment procedures in New York City and the 24-hour central booking facility in each county maintained by the New York City Police Department), it is an organizational subdivision of the City of New York. As such, it lacks independent legal existence and is therefore not a suable entity. *Flemming v. New York City*, No. 02 Civ. 4113, 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003) (NYPD 46th Precinct) (citing *Dove v. Fordham Univ*, 56 F. Supp. 2d 330, 337 (S.D.N.Y. 1999); *Wilson v. City of New York*, 800 F. Supp. 1098, 1101 (E.D.N.Y. 1992)). 28 U.S.C. §§ 1915(e)(2)(B)(ii);1915A.

### 2. City of New York

In order to sustain a claim for relief under 42 U.S.C. § 1983 against a municipal defendant such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Board of County Comm'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 403 (1997) (citing *Monell v. New York City Dep't of Social Servs.*, 436 U.S. 658 (1978)). Proof of a single incident of unconstitutional activity is not sufficient to impose liability on a municipality unless proof of the incident includes proof that it was caused by an existing, unconstitutional municipal policy that can be attributed to a municipal policymaker. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 (1985). Here, plaintiff does not allege, and nothing in his Complaint suggests, that any of the allegedly wrongful acts were

4

attributable to a municipal policy or custom. Accordingly, there does not appear to be any basis for suing the City of New York. Plaintiff's § 1983 claim against the City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii);1915A.

### B. Constitutional Violation

Construing the complaint liberally, plaintiff suggests excessive force was used against him in violation of his Fourth Amendment rights when detained at Central Booking in Queens and at the hospital. "To establish a claim of excessive force, 'a plaintiff must show that the force used by the officer was, in light of the facts and circumstances confronting him, 'objectively unreasonable' under Fourth Amendment standards.'" *Davis v. Rodriguez*, 364 F.3d 424, 431 (2d Cir. 2004) (quoting *Finnegan v. Fountain*, 915 F.2d 817, 823 (2d Cir.1990)). "[N]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates the Fourth Amendment." *Saucier v. Katz*, 533 U.S. 194, 209 (2001) (quoting *Graham v. Connor*, 490 U.S. 386, 386). Rather, the court must judge the "'reasonableness' of a particular use of force from the perspective of a reasonable officer on the scene," giving "careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Graham v. Connor*, 490 U.S. 386, 396 (1989).

### C. Leave to Amend

In the instant case, plaintiff names one Jane Doe Sergeant and three John Doe Officers but does not connect any individuals to the alleged excessive force or to any of the facts alleged. Plaintiff needs to connect the facts to the defendants so that the defendants will have notice of

5

the claim against them as required by Federal Rule of Civil Procedure 8. If plaintiff cannot identify a defendant by name, he may identify each individual as "John or Jane Doe #1" *et cetera*, and provide a physical description and any other identifying information such as the precinct or facility with which she or he works. Plaintiff must also provide facts sufficient to allow each defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "'that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial.'") (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995)); *Ricciuti v. New York City Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). While pleading these facts, plaintiff should specify what each individual defendant did or failed to do. Plaintiff is reminded that it is important to link the defendants named in the caption to the events described in the body of the amended complaint.

## CONCLUSION

Accordingly, plaintiff's complaint against defendants New York City and Central Booking Queens County are dismissed. 28 U.S.C. §§ 1915(e)(2)(B)(ii);1915A. No summons shall issue as to these defendants.

Plaintiff shall have thirty (30) days to file an amended complaint setting forth his claims against each defendant named in the amended complaint. Should plaintiff decide to file an amended complaint, it must be submitted within thirty (30) days of this Order, be captioned "Amended Complaint," and bear the same docket number as this Order. Plaintiff is advised that the amended complaint will completely replace the original complaint. All further proceedings will be stayed for thirty days or until plaintiff has complied with this Order. If plaintiff fails to

comply with this Order within the time allowed, the complaint shall be dismissed and judgment shall enter. If submitted, the amended complaint will be reviewed for compliance with this Order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A.

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Memorandum and Order to the plaintiff and note the mailing on the docket.

SO ORDERED.

Dated: Brooklyn, New York
December 11, 2012

ROSLYNN R. MAUSKOPF
United States District Judge